UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mazen Tahhan ) | |
|    Plaintiff ) | |
|    v. ) | **COMPLAINT** |
| City of New York, Police Officer Carnia Garcia ) | |
| Detective Sean Robinson, Police Officer ) | JURY TRIAL DEMAND |
| Zuleika Gilcalderon, Police Officer Heather ) | |
| Dmiszewicki, Police Officer "John" Lopez ) | |
| (first name unknown), Sergeant Anca ) | |
| Dogarescu , John Does 1-5, ) | |
|    Defendants. ) | |

_____

**PRELIMINARY STATEMENT**

1.    Mazen Tahhan ("Mr. Tahhan or Plaintiff"), was falsely arrested at work by members of the NYPD and NYC Sheriff's office.  Mr. Tahhan spent six days in prison despite arresting officers knowing that the powder in the store did not consist of a controlled substance.

2.    Mr. Tahhan brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

**JURISDICTION AND VENUE**

3.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law.. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Tahhan's claims arise under

law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Southern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

**THE PARTIES**

5. Plaintiff Mazen Tahhan is a resident of New York County, New York, New York.

6. Defendant Police Officer Carnia Garcia–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

7. Defendant Police Officer Zuleika Gilcalderon –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

8. Defendant Police Officer Heather Dmiszewicki –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

9. Defendant Police Officer "John" Lopez (first name unknown) –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of

employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD.  They are sued in their individual capacity.

10. Defendant Sergeant Anca Dogarescu –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

11. Defendant Detective Sean Robinson –was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

12. Defendant John Does 1-5 –were at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, or an employee of the NYC Department of Finance, acting under color of law and in their  individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York, the  NYPD, and NYC Sheriff's office..  They are sued in their individual capacity.

## STATE LAW CLAIMS PREREQUISITES

7. That all acts and incidents complained of herein occurred in New York County, City, and State of New York.

8. That within 90 days after the state law claim of false imprisonment and defamation accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature

of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

9. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about May 27, 2025.That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days. that this claim has been commenced and this action has been started within one year and ninety days after the accrual of the state law violation upon which the New York State law claims are based and that all conditions and requirements precedent to the commencement of this action have been complied with.

## JURY DEMAND

11.Plaintiff Mazen Tahhan demands a jury trial.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

12. Plaintiff worked at a smoke shop located at 20 Clinton Street.

13. On or about August 09, 2024, members of the NYPD came in to the store. When they entered they said they were conducting a "routine check."

14. While conducting this check, officers saw supplements at the store. Plaintiff called the owner and had the owner explain that these powders were supplements and not illegal narcotics.

15. Despite knowing that the powder was supplements, and having no reason to believe that they were illegal narcotics, Plaintiff was placed in handcuffs, was placed under arrest, and  was taken to the police station.

16. Upon information and belief, Plaintiff was arrested despite officers testing the powder and receiving negative results for controlled substances.

17. At the police station, Plaintiff informed the detective that the powder at the smoke shop consisted of supplements. Despite this, the officers, with no reasonable basis to believe so, said " we think its cocaine."

18. Plaintiff's bail was set at $150,000. Plaintiff was facing eight (8) years in prison based on the allegations.

19. After the arrest, Defendants released a press release, stating that Plaintiff possessed 13 pounds of cocaine. This information was also released to news outlets, where Plaintiff's name was published.

20. As a result of this defamation, Plaintiff has been unable to obtain employment since the arrest.

21. Ultimately all substances were tested and all substances came back negative for all controlled substances.

22. All charges against Plaintiff were dismissed after spending six days in custody.

23. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

24. As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

**CLAIMS FOR RELIEF**
**Claim I:  False Arrest Under U.S.C. § 1983, NY State Law, & AC§ 8-802**

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

26. That on August 09, 2024, and at all times hereinafter mentioned and upon information and belief, both Defendants, without justification and without probable cause, imprisoned the Plaintiff.

27. That the Defendants acting under the color of the law, intentionally confined the Plaintiff against his will and said confinement was not privileged.

28. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

29. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

**Claim II: Malicious Prosecution Under 42 U.S.C. § 1983 and NY State Law**

30. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

31. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants and other unidentified officers of the NYPD present on the scene without probable cause.

32. Defendants commenced this criminal action out of malice.

33. The criminal action against plaintiff has terminated in his favor.

34. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

35. That plaintiff was conscious of the confinement.

36. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

37. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York and of the United States.

38. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and standing within their community.

### Claim III: Violation Of The Right To A Fair Prosecution And Due Process Of Law Under 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. Defendants failed to timely disclose material favorable to the defense in contravention of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

41. The individual DEFENDANTS acting individually and in concert and conspiracy, deliberately, and recklessly.

42. At all times DEFENDANTS were acting within the scope of their employment with the Defendant, THE CITY OF NEW YORK, at the aforesaid location.

43. That this information caused Plaintiff to be denied her liberty and right to a fair prosecution in violation of Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

### Claim IV: Assault and Battery Under New York State Law

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. That, on or about August 09, 2024, Defendants, who were acting within the scope of their employment with the Defendant, The City of New York, at the aforesaid location.

46. That, on or about August 09, 2024, Defendants committed an assault and battery knowingly, intentionally and willfully.

47. That, on or about August 09, 2024 the individual Defendants who committed the aforementioned assault and battery upon the Plaintiff were acting within the scope of their employment with the Defendant, The City of New York.

48. That on or about August 09, 2024 the assault and battery on the Plaintiff was without probable cause and was not the result of a lawful arrest.

49. By reason of the foregoing, Defendants are liable to Plaintiff for damages.

50. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

**Claim V: Violations of the New York State Constitution**

51.     Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

52.     Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

    a.  freedom from unreasonable search and seizure of his person and property;

    b.  freedom from arrest without probable cause;

    c.  freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

    d.  freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

    e.  freedom from deprivation of liberty without due process of law.

53.     As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic and emotional injuries, as well as a deprivation of liberty.

54.     As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

55.     As a result of the above unconstitutional conduct, the City of New York is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

    DATED: this 04th Day of June 2025        New York, New York

Yours, etc.

Lord Trial Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1005

*Counsel for Plaintiff Mazen Tahhan*